# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 21, 2021

LETTER TO COUNSEL

RE:   *Christopher G. v. Commissioner, Social Security Administration*
      Civil No. SAG-18-2234

Dear Counsel:

On July 23, 2018, Plaintiff Christopher G. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and supporting memoranda. ECF Nos. 14, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on April 16, 2014, alleging a disability onset date of May 28, 2013. Tr. 437-38. His claim was denied initially. Tr. 233-37. On June 15, 2016, and June 2, 2017, an Administrative Law Judge ("ALJ") held a hearing. Tr. 125-50, 156-70. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 99-124. The Appeals Council denied Plaintiff's request for review, Tr. 90-98, so Plaintiff filed his complaint in this Court. On December 13, 2018, the case was remanded on consent of the parties. Tr. 224-27. Another hearing was held before an ALJ on September 4, 2019. Tr. 48-79. The ALJ again determined that Plaintiff was not disabled. Tr. 8-47. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a). This Court granted the parties' motion to reopen this case. ECF No. 12.

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the cervical spine status post anterior cervical discectomy and fusion, degenerative disc disease of the lumbar spine status post anterior interbody fusion, asthma, migraine headaches, bipolar disorder, major depressive disorder, schizoaffective disorder, social anxiety disorder and substance use disorder." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

*Christopher G. v. Commissioner, Social Security Administration*
Civil No. SAG-18-2234
December 21, 2021
Page 2

> perform light work as defined in 20 CFR 404.1567(b) except that he is capable of occasional performing of postural movements, but never climbing of ladders, ropes or scaffolds.  The claimant must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and hazards.  The claimant retains the mental capacity to perform simple and routine tasks involving only simple work related decisions with few, if any, work place changes and to tolerate occasional interaction with supervisors, coworkers and the public, but never to perform production pace work.

Tr. 18.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as a mail carrier, highway maintenance worker, or electronics repairer, but that he could perform other jobs existing in significant numbers in the national economy.  Tr. 37-39.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 39.

Plaintiff raises three arguments on appeal, specifically that the ALJ failed to: 1) properly consider medical opinion testimony; 2) find that Plaintiff met the requirements of a Listing at step three; and 3) properly assess Plaintiff's credibility and subjective complaints.  ECF No. 14 at 11-26.

First, plaintiff argues that the ALJ failed to properly assign controlling weight to the opinions of two of his treating physicians, Joseph Krzeminski, M.D. (along with Wellspan Neurosurgery) and Youssef Kabbani, DPM.  *Id.* at 12-22.  Medical opinions are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).[1]  In this case, Dr. Krzeminski and Dr. Kabbani did not offer medical opinions.  The citations provided by Plaintiff are to treatment records from these physicians, but do not encompass the definition of a medical opinion.  The ALJ discussed the treatment notes of both Dr. Krzeminski and Dr. Kabbani in detail at step two and in plaintiff's RFC.[2]  Tr. 15, 21-24.

---

[1] 20 C.F.R. § 404.1527 applies to claims filed before March 27, 2017.  It was replaced by § 404.1520c for claims filed on or after March 27, 2017.  Plaintiff's claim was filed in 2014.  Tr. 437-38.

[2] Additionally, Plaintiff argues that all of Plaintiff's providers at Wellspan Neurosurgery are "Plaintiff's treating physicians," and cites to records of several professionals in his argument.  ECF No. 14 at 12-16.  With regard to Danielle Markey, PA-C, Jonathan Chu, M.D., and Gretchen Chronister, PA-C, no medical opinions were offered, so the same analysis applies as to Dr. Krzeminski and Dr. Kabbani.  With regard to Brandon Burkett, PT, and Robert Schlegel, M.D., the ALJ does consider their medical opinions and described in detail why Mr. Burkett's opinion was given little weight and Dr. Schlegel's opinion was given significant weight.  Tr. 29-30, 35.

*Christopher G. v. Commissioner, Social Security Administration*
Civil No. SAG-18-2234
December 21, 2021
Page 3

Additionally, plaintiff maintains that the ALJ improperly gave too much weight to the consultative examiner, John Kwock, M.D.  ECF No. 14 at 17-18, 21-22.  Medical opinions are weighed according to several factors, including whether the examiner had an examining or treatment relationship with the plaintiff, the supportability of the opinion with relevant evidence, the consistency of the opinion "with the record as a whole," the specialization of the medical professional, and other factors.  20 C.F.R. § 404.1527(c).  In this case, while Dr. Kwock did not have an examining or treating relationship with Plaintiff, the ALJ assigned his opinion "mostly great weight" because it was supported by the evidence in Plaintiff's record and consistent with the record as a whole, and because Dr. Kwock was an expert "in the field of orthopedic surgery and reviewed the record in light of the specialized knowledge he possesses of the standards for determination of disability under the SSA."  Tr. 31.  Accordingly, the ALJ properly assigned weight to the various medical opinions in Plaintiff's record and thoroughly explained why he applied such weights.  Therefore, remand is not warranted on this issue.

Second, Plaintiff argues that the ALJ improperly failed to find that Plaintiff met the listing requirements at step three, specifically Listing 1.02, Listing 1.03, and Listing 1.04.  ECF No. 14 at 17-18, 26-27.  To meet a Listing, "every element of the listing must be satisfied." *Huntington v. Apfel*, 101 F. Supp. 2d 384, 391 (D. Md. 2000) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)).  "An impairment that manifests only some of [the] criteria, no matter how severely, does not qualify." *Sullivan*, 493 U.S. at 530.  The plaintiff bears the burden of proof at the first four steps of the sequential evaluation, including the listing analysis at step three.  *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, the ALJ did not discuss Listing 1.02, major dysfunction of a joint, or Listing 1.03, reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, at step three of his analysis.  Tr. 16.  Plaintiff argues that his foot surgeries qualify him for either or both of these Listings.  ECF No. 14 at 26-27.  The ALJ addressed plaintiff's bilateral foot pain at step two and found that it did not constitute a severe impairment because treatment records showed that plaintiff was "fully ambulatory without an assistive device" after his first two surgeries.  Tr. 15.  Plaintiff underwent a third surgery in July 2019 and no documentation of treatment following this surgery was included in the record.  Dr. Kwock testified at Plaintiff's hearing that because there was "no evidence or documentation suggesting that the plaintiff's surgeries did not go well, the conclusion to be drawn is that the surgeries did the job for which they were intended." *Id.* Accordingly, the ALJ sufficiently addressed Plaintiff's bilateral foot pain at step two.

The ALJ discussed Listing 1.04, disorders of the spine, at step three, but noted that plaintiff's severe impairments did not "meet or medically equal the criteria of Listing 1.04, as there is no evidence indicating that [Plaintiff's impairments] resulted in compromise of a nerve root or the spinal cord, nerve root compression, spinal arachnoiditis or lumbar spinal stenosis that resulted in the inability to ambulate effectively as required by those Listings."  Tr. 16.  Plaintiff cites to a wide range of records to argue he does meet the requirement of Listing 1.04, but fails to explain how he meets each requirement.  For example, as noted by the ALJ in plaintiff's RFC, an MRI of plaintiff's lumbar spine "showed no subluxation or clear compression of the nerve roots," a requirement of Listing 1.04.  Tr. 21, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04.

*Christopher G. v. Commissioner, Social Security Administration*
Civil No. SAG-18-2234
December 21, 2021
Page 4

Therefore, plaintiff has failed to meet his burden of proof to indicate that he meets all of the requirements of any Listings at step three, and remand is not warranted on this issue.

Finally, Plaintiff maintains that the ALJ failed to properly assess Plaintiff's credibility and subjective complaints. ECF No. 14 at 22, 27-28. An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594-95 (discussing the two-part framework used in the Fourth Circuit). First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016). Second, if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See id.* § 404.1529(c). At the second step, "there need not be objective evidence of the pain itself or its intensity." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). However, while "a [plaintiff]'s allegations about [their] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the [plaintiff] alleges [they] suffer[]." *Craig*, 76 F.3d at 595.

In this case, the ALJ found that Plaintiff's "medically determinable impairments reasonably could be expected to cause the alleged symptoms. However, the statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 19. The ALJ then discusses Plaintiff's record in great detail in order to explain this finding. Tr. 20-37. Plaintiff argues that the ALJ found Plaintiff only partially credible "for reasons known only to the ALJ," yet the ALJ sets out his reasoning at great length in Plaintiff's RFC. ECF No. 14 at 28. The ALJ also referred to Plaintiff's activities of daily living in the RFC, specifically that Plaintiff was able to work on a roof, lift weights, attend college classes, and work on the computer for hours after the alleged onset date of disability. Accordingly, the ALJ considered Plaintiff's subjective complaints and utilized them to construct an appropriate RFC. Where reasonable minds could differ with respect to the record evidence and the ALJ complied with all legal standards, remand is inappropriate. *Craig*, 76 F.3d at 589.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED, and Defendant's Motion for Summary Judgment, ECF 17, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

*Christopher G. v. Commissioner, Social Security Administration*
Civil No. SAG-18-2234
December 21, 2021
Page 5

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge